IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANFORD WAYNE DAVIS,<br>        Petitioner,<br><br>vs.<br><br>THE PA DEPARTMENT OF<br>CORRECTIONS; THE ATTORNEY<br>GENERAL OF THE STATE OF<br>PENNSYLVANIA,<br>        Respondents. | Civil Action No. 15-587<br>Judge Cathy Bissoon/<br>Chief Magistrate Judge Maureen P. Kelly |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Grounds One and Three of the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (the "Petition"), be dismissed pre-service for failing to state a claim that is cognizable in habeas. A certificate of appealability should be denied.

## II. REPORT

### A. Relevant Procedural History

Sanford Wayne Davis ("Petitioner") is a prisoner currently incarcerated at the State Correctional Institution in Mercer ("SCI-Mercer").

Petitioner raises four grounds for relief in the instant Petition.

GROUND ONE: Cruel and Unusual Punishment.

ECF No. 3 at 5.

GROUND TWO: I was granted parole but home plan was denied.

Id., at 7.

> GROUND THREE: CML [i.e., Chronic Myelogenous Leukemia] is terminal and I only receive minimal treatment.

Id. at 8.

> GROUND FOUR: There is no reason to continue to hold me.

Id. at 10. As relief, Petitioner requests this Court to "revoke sentence and/or Immediate release w[ith] probation/parole." Id. at 15.

Grounds One and Three are essentially claims that Petitioner is not being properly treated for his CML. Petitioner appears to argue that, as a consequence of his not receiving proper treatment, he should be released from prison. See ECF No. 4 at 2 ("Immediate release . . . is the only remedy that will fully redress the Constitutional violation at hand and ensure Davis is subjected to no further . . . medical neglect."). Specifically, as to Ground One, Petitioner complains that "I have Chronic Myelogenous Leukemia, (CML) there was a delay in my receiving care for non-medical reason. I had to be admitted to Holy Spirit Hospital for an infected leg, operation and they put me on chemo therapy, not the DOC medical" personnel. Id. at 5. As to Ground Three, Petitioner complains that "[p]art of the diagnostic and treatment plan is a bone marrow exam which the D.O.C. refused to take me to. I've been denied one 3 times." Id. at 8.

Recently, Petitioner filed a supplement wherein he appears to repeat his claims in the Petition, in addition to attaching an unsworn declaration and medical records in support of his claims. ECF No. 4.

This Court takes judicial notice of the fact that Petitioner previously filed a civil rights action in the United States District Court for the Middle District of Pennsylvania essentially making the same allegations in that civil rights action as he makes in Grounds One and Three of

2

the Petition, i.e., that his CML is not being adequately or properly treated. Davis v. Pa. DOC, No. 3:12-CV-2161 (M.D. Pa.). In that case, the United States District Court granted summary judgment in favor of the Defendants and against Petitioner, finding no evidence of deliberate indifference and finding that the "summary judgment record shows a consistent pattern of medical care that cannot as a matter of law qualify as 'deliberate indifference.....'" Id. (ECF No. 117 at 1, filed 3/17/2015). Petitioner has appealed the Order granting summary judgment to the United States Court of Appeals for the Third Circuit Davis v. Binnion, No. 15-1798 (3d Cir.).

### B. Rule 4 Pre-Service Dismissals

Notwithstanding the fact that Respondents have not been formally served with process yet, pursuant to Rule 4 of the Rules Governing Section 2254 cases ("Rule 4"), this Court may dismiss the Petition if it plainly appears on its face that the Petitioner is not entitled to habeas relief. Rule 4 provides in relevant part that:

> The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 state that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002) (in a Rule 4 case, the court took judicial notice of its own

3

records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.").

In the case at issue, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Grounds One and Three of the Petition should be dismissed pre-service because Petitioner fails to state a claim that is cognizable in federal habeas proceedings.[1]

**C. Discussion**

Traditionally, a petition for writ of habeas corpus must seek to challenge the fact or length of confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (in a case where a federal prisoner sought to challenge the conditions of confinement by, inter alia, a petition for writ of habeas corpus, the court rejected the attempt, stating that "[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). Here, Petitioner does not challenge the legality or length of his confinement in Grounds One and Three. Instead, he seeks to challenge the conditions of his treatment for CML.

---

[1] The power of the District Courts to dismiss an entire Petition under Rule 4 includes the lesser power to dismiss claims contained in the Petition that plainly appear to show that the petitioner is not entitled to relief on those grounds. See, e.g., Golphin v. Branker, 519 F.3d 168, 177 (4th Cir. 2008) ("On May 24, 2004, Tilmon timely filed a petition for habeas corpus under 28 U.S.C.A. § 2254 in the United States District Court for the Eastern District of North Carolina, raising twenty-five grounds of error. On September 16, 2004, acting pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district court dismissed two claims because 'it [wa]s plainly apparent from the face of the petition that the petitioner [wa]s not entitled to relief on the grounds asserted.' (J.A. at 1108.) The district court ordered the State to respond to the remaining twenty-three claims.").

The United States Court of Appeals for the Third Circuit has addressed this issue in Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002) and expounded upon Preiser. In Leamer, the Court of Appeals stated that:

> whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Id. at 542. The Court in Leamer further explained that:

> [w]hen examining whether *Preiser* and its progeny require a claim to be brought under habeas, unless the claim would fall within the "core of habeas" and [consequently] require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983. Leamer's claim not only does not fall within the core of habeas; it would not be properly brought under habeas at all.

Id. at 544. Taking these passages in context of the entire opinion, we read the Leamer decision as endorsing the rule that where a state prisoner's claim does not necessarily challenge the fact or length of a judicially imposed sentence such that if the challenge were successful, a speedier release from confinement would occur, then that challenge may not proceed by way of a habeas petition.

Petitioner's challenge in Grounds One and Three to the alleged lack of treatment for his CML would not necessarily "require sooner release if resolved in the plaintiff's favor [and so] it would not be properly brought under habeas at all." Id. at 544. Accordingly Grounds One and Three of the Petition should be dismissed prior to service for failing to state a claim that is cognizable in a habeas action.

This is true even if Petitioner is claiming a constitutional right to be released solely because of his illness and the alleged failure of the prison authorities to adequately treat him as

5

there is no constitutional right to be released from an otherwise legitimate sentence solely because the conditions of the confinement during that legitimate sentence may constitute cruel and unusual punishment. See, e.g., Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979) ("According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement. Crawford's petition does not challenge the legality of his imprisonment. Instead, the petition alleges that the terms and conditions of his incarceration constitute cruel and unusual punishment . . . . The appropriate remedy for such constitutional violations, if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement.") (citations omitted); Murphy v. Brooks, 132 F.3d 43 (Table), 1997 WL 796485, at *1 (10th Cir. 1997) ("Mr. Murphy provides no authority whatsoever to buttress his request for a sentence reduction based on mistreatment by prison authorities. This court has already ruled that medical mistreatment claims are 'not cognizable in a federal habeas corpus proceeding.'"); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) ("With respect to the medical mistreatment claim, the action was dismissed without prejudice. This claim is not cognizable in a federal habeas corpus proceeding. Sisneros will have to resort to the Federal Tort Claims Act or a Bivens -type action."); Granville v. Hunt, 411 F.2d 9, 12 (5th Cir. 1969) ("We also note that this Court has long taken the position that habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration."). See also Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011) ("Dotson[, 544 U.S. 74, 82 (2005)] declared, however, in no uncertain terms, that when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983.").

Accordingly, Grounds One and Three of the Petition should be dismissed before service as failing to state a claim that is cognizable in federal habeas proceedings or that provides a ground for relief in federal habeas proceedings.[2]

**D. Certificate of Appealability**

A certificate of appealability should be denied because, in light of Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002), jurists of reason would not find the foregoing analysis debatable.

**III. CONCLUSION**

For the reasons set forth herein, it is respectfully recommended that Grounds One and Three of the Petition be dismissed before being served because Petitioner has failed to state a claim that is cognizable in a federal habeas action.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: September11, 2015

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] If the District Judge adopts this Report and Recommendation and Grounds One and Three are dismissed, the Petition may be served together with this Report and Recommendation upon the Respondents and they will be required to file an Answer addressing only Grounds Two and Four of the Petition.

cc: The Honorable Cathy Bissoon
United States District Judge

Sanford Wayne Davis
KK-8237
SCI Mercer
801 Butler Pike
Mercer, PA 16137