# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANFORD WAYNE DAVIS, )
          Petitioner, )
 )
vs. ) Civil Action No. 15-587
 ) Chief Magistrate Judge Maureen P. Kelly
THE PA DEPARTMENT OF )
CORRECTIONS; THE ATTORNEY )
GENERAL OF THE STATE OF )
PENNSYLVANIA, )
          Respondents. )

## MEMORANDUM OPINION

### 1. PROCEDURAL HISTORY

At the time Sanford Wayne Davis ("Petitioner") initiated this Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), he was a prisoner who was incarcerated at the State Correctional Institution in Mercer ("SCI-Mercer"). In the Petition, filed in May 2015, Petitioner raised four grounds for relief.

> GROUND ONE: Cruel and Unusual Punishment.

ECF No. 3 at 5.

> GROUND TWO: I was granted parole but home plan was denied.

Id., at 7.

> GROUND THREE: CML [i.e., Chronic Myelogenous Leukemia] is terminal and I only receive minimal treatment.

Id. at 8.

> GROUND FOUR: There is no reason to continue to hold me.

Id. at 10. As relief, Petitioner requested this Court to "revoke sentence and/or Immediate release w[ith] probation/parole." Id. at 15.

On September 15, 2015, the undersigned issued a Report and Recommendation, recommending that Grounds One and Three of the Petition be dismissed pre-service pursuant to Rule 4 of the Rules Governing Section 2254 cases ("Rule 4"). ECF No. 5. No objections being filed, the Report was adopted by the Honorable Cathy Bissoon and those two Grounds were dismissed.

After the Report was adopted, full consent to permit the Magistrate Judge to exercise plenary jurisdiction was obtained. ECF Nos. 13, 15, 16.

In the remaining two grounds for relief, Petitioner essentially complained of the fact that he was granted parole in November 2014 from his February, 2012 conviction/sentence for drug possession with intent to deliver, Commonwealth v. Davis, CP-02-CR-0006953-2011 (C.C.P. Allegheny County) (the "2011 drug case"),[1] for which he was sentenced to 3 to 6 years. Although Petitioner was granted parole, he was not actually released upon parole because his release was conditioned on his providing a suitable home plan. Petitioner provided two home plans but both of these were denied because Petitioner had previously been convicted of Statutory Sexual Assault in February 2005, Commonwealth v. Davis, No. CP-02-CR-0001149-2004 (C.C.P. Allegheny County)(the "2004 sex abuse case")[2] and the two proposed home plans

---

[1] The dockets for this case are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0006953-2011

(site last visited 12/6/2016).

[2] The dockets for this case are available at:

2

submitted by Petitioner were located near schools and parks and/or near children and school bus stops. ECF No. 12-1 at 46 – 47.

During the pendency of this Petition, Petitioner was advised on June 15, 2016, that release to the Community Corrections Center at Progress Drive, in Waynesburg, Pa. (the "Progress CCC"), had been approved as his home plan. ECF No. 19, ¶ 6. As part of the special conditions of his parole, Petitioner was required to abide by the rules of the Progress CCC. Id. ¶¶ 7, 8, 9. On August 16, 2016, Petitioner was released on parole. Id. ¶ 11.

On November 9, 2016, Petitioner was discharged from the Progress CCC as having violated its rules, and thereupon, Petitioner was arrested by the Pennsylvania Board of Probation and Parole ("the Board") and charged with technical violations of the conditions of his parole. ECF No. 19-1 at 20 - 21. Petitioner waived his preliminary hearing as to the technical parole violations charges and admitted to the violations. ECF No. 19-1 at 22. Petitioner is now being held at Progress Parole Violation Center pursuant to the Board's technical violation arrest warrant issued due to his violation of the conditions of parole.

On November 10, 2016, Petitioner filed what he captioned as a "Petition for Relief from the Order of the Court of Common Pleas of Allegheny County Criminal Division and the PBPP" ("Petition for Relief"). ECF No. 17. In that Petition for Relief, Petitioner sought to raise issues, many of which were raised in his original habeas Petition. ECF No. 17 at 8.

The Court ordered Respondents to file a Response to the Petition for Relief. ECF No. 18. Respondents filed their Response, pointing out that Petitioner's claims do not merit relief because he has failed to exhaust his administrative and/or state court remedies. The Response

---

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0001149-2004

(site last visited 12/6/2016).

3

included supporting documentation relative to Petitioner's release on parole. For the reasons that follow, we agree and deny the Section 2254 habeas Petition as moot. Further, the Petition for Relief is denied for failure to exhaust.

## II. DISCUSSION

The disposition of the Petition is straightforward. Given that Petitioner was released on parole, his original Petition is moot. As for the Petition for Relief, Petitioner fails to show that he has exhausted his administrative and/or state court remedies.

### A. The Original Habeas Petition is Now Moot.

In the original habeas Petition, Petitioner sought release on parole (in addition to his attempted challenge the conditions of his confinement, which claims were previously dismissed). ECF No. 3 at 18 ("Davis is not challenging the conviction or the sentence but whether he deserves a chance to improve his chance at living. He has earned a right to the privilege of parole . . . and wishes only to be released to further persue [sic] better medical attention and to show that his rehabilitation did work."). As Respondents pointed out, because Petitioner was, in fact, released on parole on August 16, 2016, during the pendency of this habeas Petition, the Section 2254 habeas Petition is now moot. Bethea v. Bickwell, No. 13–CV–1694, 2015 WL 1608521, at *2 (M.D. Pa. April 10, 2015) ("With respect to his parole claim, Bethea is not challenging his conviction or sentence. Rather, he is challenging the Board's denial of parole and he seeks immediate release on parole. But since Bethea has been released on parole—the very relief that he requested in his petition—this court cannot provide him any relief on this habeas claim. So, as the respondent argues and as Bethea concedes, this claim is now moot. *See Razzoli v. FCI Allenwood*, 200 F. App'x 166, 169 (3d Cir. 2006) (stating that '[t]hrough the passage of time Razzoli has been released on parole, thereby obtaining the relief that he sought through

4

habeas' and holding that Razzoli's claims that his release on parole was illegally delayed are moot)"). Accordingly, since Petitioner was released on parole, the original habeas Petition is moot.

**B. The Petition for Relief Does Not Merit Relief.**

The Petition for Relief is not entirely clear. Petitioner raises several disparate claims in the Petition for Relief, including: his allegedly inadequate medical treatment in state prison; the failure to approve his home plan; an allegedly illegal designation as a sexually violent predator and the prison-like conditions at Progress CCC. ECF No. 17 at 5 – 6. Respondents argue that the Petition for Relief must be dismissed due to Petitioner's failure to exhaust his state court remedies and/or his administrative remedies. We agree.

In contrast to civil rights actions and the Prison Litigation Reform Act, where exhaustion is an affirmative defense, and non-exhaustion is to be proven by the defendants, Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002), in habeas petitions, exhaustion is a condition precedent to filing with the consequent burden of proving exhaustion on the habeas petitioner. See, e.g., United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990); Smith v. Marberry, No. 06-CV-10249, 2006 WL 305551, at *1 (E.D. Mich. Feb. 8, 2006) ("Petitioner has not met his burden of showing exhaustion of administrative remedies. Petitioner has not demonstrated that he has completed his appellate rights within the Bureau of Prisons by filing an appeal with the Office of General Counsel before proceeding to this Court."). Cf. O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987)(in a Section 2254 petition, the Court held that "[a] habeas corpus petitioner bears the burden of demonstrating that he has met the prerequisites for relief, *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982), including the exhaustion of" remedies).

5

In the instant case, Petitioner has failed to establish the exhaustion of state court and administrative remedies relative to the new claims that he raises arising after his release on parole.

Respondents cogently argue:

> To the extent Petitioner claims his rights are being violated by the Pennsylvania Board of Probation and Parole, or any of its employees, he has failed to avail himself of the administrative remedies set forth in the August 15, 2016 and September 12, 2016 parole conditions, prior to seeking relief from this court. To the extent Petitioner claims that the Pennsylvania Board of Probation and Parole lacks authority to house him in a secured community corrections center or that the Board misapplied the Prisons and Parole Code to his case, he should have filed a petition for review in the original jurisdiction of the Commonwealth Court of Pennsylvania. *See* 42 Pa.C.S. §§ 761, 931; *Marshall v. Bd. of Prob. and Parole*, (Pa. Cmwlth. 1994) (mandamus lies to compel the Board to follow the parole statute).
> To the extent the petition is construed to challenge the legality of Petitioner's confinement pursuant to the sentences imposed by the Allegheny County Court of Common Pleas, it should have been filed in the Northumberland [sic, should be "Allegheny"] County Court of Common Pleas. Pa.R.Crim.P. 108(a). ... To the extent Petitioner is challenging detention for pending parole revocation, he should have filed a petition for writ of habeas corpus in the Greene County Court of Common Pleas. *See Kester v. Pa. Bd. of Prob. & Parole*, 609 A.2d 622 (Pa. Cmwlth. 1992).

ECF No. 19 at 6 - 7. In light of the foregoing, we find that Petitioner has failed to carry his burden to demonstrate that he has exhausted his administrative and/or state court remedies. Accordingly, Petitioner's claims contained in the Petition for Relief are dismissed for failure to exhaust without prejudice to initiate a new habeas petition at a later date, if appropriate, to the extent that his failures to exhaust do not also constitute procedural defaults of his claims.[3]

---

[3] To the extent that Petitioner sought to raise claims concerning the alleged lack of ongoing medical treatment or any other "condition of confinement", as explained in the previously filed Report and Recommendation, such claims are simply not cognizable in federal habeas proceedings and such claims are dismissed with prejudice.

### C. Certificate of Appealability

A certificate of appealability will be denied because jurists of reason would not find the foregoing analysis debatable.

## III. CONCLUSION

For the reasons set forth herein, Petition for Writ of Habeas Corpus is denied as moot. Any other claims raised in the Petition for Relief are dismissed without prejudice for failure to exhaust. A certificate of appealability is denied.

BY THE COURT:

Date: December 6, 2016

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Sanford Wayne Davis
KK-8237
SCI Mercer
801 Butler Pike
Mercer, PA 16137

Sanford Wayne Davis
Progress PVC
179 Progress Drive
Waynesburg, Pa. 15370